FRANKLIN C. BUSH AND WALTER C. DeGARMO, *Plain-
tiffs in Error*, v. JAMES H. CURTIS, *Defendant in
Error*.

Opinion filed January 31, 1916.

Where material and harmful error clearly appears in a survey on
which a judgment in ejectment is based, the judgment will
be reversed.

Writ of Error to Circuit Court, Monroe County; H.
Pierre Branning, Judge.

Judgment reversed.

*Atkinson & Burdine,* for Plaintiffs in Error;

*W. Hunt Harris,* for Defendant in Error.

PER CURIAM.—In an action of ejectment the plaintiff obtained a judgment for the recovery of land described as: "Commencing at the southwest corner of Lot One, Section Thirty-one, Township Sixty, South of Range Forty East; from said corner run north six hundred feet; thence east two hundred feet; thence south four hundred feet more or less, to the shore of the Atlantic Ocean; thence southwesterly along the shore of the Atlantic Ocean two hnudred feet, more or less, to the point of beginning, containing about three and one-half acres," in Monroe County, Florida. The defendants took writ of error; and the proper location of the described land is the point of contest.

There were two surveys put in evidence, one made for the plaintiff and one for the defendants.

It appears that the southeast corner of Section 31, T. 60 S. R. 40 E. is covered by the waters of the Atlantic Ocean. Lot One is in the east half of the southeast quarter of Section 31, and contains 53 acres mostly in the N. E. ¼ of S. E. ¼. Lot 2 is practically the S. W. ¼ of the S. E. ¼ of Section 31, containing 38.99 acres. The waters of the ocean are south of Lot One and east of the southeast corner of Lot Two. A portion of Lot One extends between the northern portion of the eastern side of Lot Two and the Ocean. The land described in the declaration is in the southwest corner of Lot One and east of Lot Two.

The actual location of the land as described must be as-
certained by a correct survey. According to the field
notes and plat of the official survey of Section 31 it is 40
chains from the southwest corner of Section 31 on its
southern line to the quarter section post, and 17 chains
from the quarter section post to the sea beach in the
southeast corner of the section where a post was set.
Traversing the sea beach from the latter post on the
southern boundary of the southeast quarter of Section
31, the meander line of the ocean intersects the boundary
between Lot 1 and Lot 2 at a point 7.38 chains from the
starting point on the southern boundary of the section.
At five chains on the first meander course of 11 chains
from the starting point, a field is entered on Lot 2. At
7.38 chains on the first meander course of 11 chains, the
boundary line between lots One and Two is intersected.
At four chains on the second meander course of 24.85
chains, the field is passed. It thus appears that the wa-
ter frontage of Lot Two is 7.38 chains between the post
57 chains east from the southwest corner of Section 31
and the point where the boundary line between Lots One
and Two intersects with the meander line beginning at
the said post, and running in a northeasterly direction.
The land described in the declaration begins at the inter-
section of the boundary line between Lots One and Two
and the meander line on the ocean 7.38 chains from the
post on southern line of Section 31, running thence north
along the boundary line between lots One and Two, six
hundred feet; thence east in Lot One a distance of two
hundred feet, thence south four hundred feet, more or
less, to the shore of the Atlantic Ocean; thence south-
westerly along said shore two hundred feet more or less
to the point of beginning. In the survey made for the

plaintiff the line on the southern boundary of Section 31 was run only 37.50 chains instead of 40 chains to the quarter section line at which Lot 2 begins. This made it appear that Lot Two extends further west than it really does, and likewise makes it appear that Lot One extends west of its true line. The explanation given by the surveyor for the plaintiff that he found a shortage in the sections he surveyed and that because of this shortage he apportioned the shortage and made the southern line of Section 31 shorter than the official survey indicated it to be, is not sufficient on this record to justify the survey made by the plaintiff's surveyor as locating the land described in the declaration. It does not clearly appear that the defendants are in fact in possession of the land described in the declaration. Whether the survey made for the defendants is correct or not, the survey made for the plaintiff is apparently incorrect, and for this reason the judgment is reversed and the cause will be remanded for appropriate proceedings.

All concur, except COCKRELL, J., absent by reason of sickness.