C. L. CRAIG, *et ux.*, v. DODDRIDGE B. RUSSELL.

192 So. 457
Division B
Opinion Filed December 15, 1939

*Robert C. Lane* and *Allen B. Cleare,* for Plaintiffs in Error;.

*Thomas S. Caro* and *Aquilino Lopez, Jr.,* for Defendant in Error.

PER CURIAM.—This writ of error brings for review final judgment awarding plaintiff in ejectment the property in litigation together with $2,340.00 damages.

The property involved in this litigation was described as follows:

"Situate, lying and being in the County of Monroe, and State of Florida, to-wit: All that part of lot Four (4) in Section Eighteen (18) Township Sixty-Six (66) South of Range Thirty (30) East, Tallahassee Meridian and described as follows: Commencing at a point on the South line of said Lot Four (4), distant Fourteen Hundred

Twenty-four (1,424) feet East of the Southwest corner of said Lot Four (4) for a point of beginning. From said point of beginning run East Nine Hundred Seven (907) feet more or less, to the waters of the Spanish Channel; from said point run back along said South line to the point of beginning; then run North Six Hundred Ninety-three (693) feet; then run East to the waters of the Spanish Channel; then run Southeasterly along the beach meander on the waters of the Spanish Channel to a point where the South line of said Lot Four (4) intersects with the waters of said Spanish Channel, together with all Statutory riparian rights belonging to said described property. Together with all and singular the rights, members, privileges, hereditaments and appurtenances to the same belonging or in anywise appertaining."

Doddridge B. Russell brought an action of ejectment against C. L. Craig and Grace Craig, his wife, alleging in his declaration that defendants were in possession of the land described as above, to which plaintiff claimed title, and further alleging that defendants have received the profits from said land since May 25, 1934, valued at $60.00 per month for a total of 39 months, making a total of $2,340.00.

To the declaration defendants filed pleas of (1) not guilty and (2) that they are not now and never have been in possession of the land described in plaintiff's declaration.

Issue was joined on both pleas.

Upon the trial the jury returned a verdict in favor of plaintiff, and judgment was entered thereon. Thereafter a motion for new trial was granted, and another trial had.

On the second trial, the jury returned a verdict in favor of plaintiff and assessed his damages at $2,340.00.

Final judgment was entered on the verdict, adjudging plaintiff to be the owner in fee simple of the property in litigation; that a writ of *habere facias possessionem* be issued

to put plaintiff in possession; and that plaintiff recover of defendants $2,340.00 damages and $28.00 costs in the proceedings.

Motion for new trial was denied; and writ of error was taken from the final judgment.

Supersedeas bond in the amount of $2,500.00 was filed by the defendants.

A constitutional writ was later issued by this Court commanding plaintiff and the sheriff of Monroe County to redeliver possession of the property to defendants until further order of this Court.

It was admitted on the record at the second trial that plaintiff claimed only the property described in his declaration, which was located wholly within Government Lot 4; and that defendants claimed their property solely in Government Lot 5. The sole issue to be decided in that trial therefore was the location on the earth's surface of the southern boundary line of Government Lot 4, in Section 18, of Township 66 South, Range 30 East, on No Name Key, in Monroe County, Florida.

In order to prove his contention that part of Government Lot 4 was being occupied by defendants, plaintiff introduced only one plat, plaintiff's exhibit No. 7, a plat of No Name Key, drawn by a local civil engineer, living in Key West. This plat shows the southern boundary of Lot 4 to be near the center of State Highway No. 4A running through No Name Key from the mainland to Key West. The plat was shown to be inaccurate and not sufficient for the purpose of locating the Southern boundary line of Lot 4, because of several factors. The witness, who drew the plat, gave very inconclusive evidence as to his starting point, which was based upon a plat of Palm Villa Subdivision on Big Pine Key. He also testified that he did not survey all of No Name Key; that he did not survey the property de-

scribed in the declaration; that he did not run any lines on the property in litigation; and that he did not survey Government Lot 4. It was also demonstrated by this witness on cross examination that the east line of Government Lot 3 on his plat was shorter than the west line, yet according to actual measurements the reverse is true. It was also demonstrated that the outline of the entire Key was inaccurate, the inaccuracy varying at different points on the plat; and on cross examination of the witness, he admitted that at one point his shore line was off 300 feet or better. He also testified that the only purpose in making the plat was to run a highway across the Key, and that it was not his purpose in making the plat to locate any property. It was also admitted by the witness that in 1931 or 1932, he made a drawing for the County (which he said was never used), locating the road through No Name Key, and that drawing showed the road, which is in the same location as the present road, running approximately through the center of Government Lot 5, and placing the southern boundary of Government Lot 4 several hundred feet north of the road.

In view of all of the facts testified to by plaintiff's said witness, it appears that this plat, plaintiff's exhibit No. 7, was insufficient for the purpose of establishing the southern boundary of Government Lot 4, in Section 18, on No Name Key.

It is true that the determination of the location of the southern boundary line of Government Lot 4, in Section 18, on No Name Key, is a question of fact for the jury to decide (see Aspinwall v. Gleason, 97 Fla. 869, 122 So. 270), but it is also true that where material or harmful error clearly appears in a survey or plat on which a judgment in ejectment is based, the judgment will be reversed. Bush v. Curtis, 71 Fla. 94, 70 So. 938.

The inaccuracies shown in this plat, the sole plat relied

on by plaintiff to show the location of the property in litigation, together with the fact that the plat was made to locate the highway through No Name Key for no other purpose, and no lines were drawn or survey made of the property in litigation or of Government Lot 4, renders the plat so unreliable, in so far as locating the southern boundary line of Government Lot 4 is concerned, as to warrant a reversal of the judgment.

Defendants introduced a local civil engineer, who testified that he made a survey of the entire island of No Name Key for the purpose of locating the property of defendants. This witness made a plat of the Key, testified how he made the survey, and how the survey checked with old landmarks on the Key, such as an old corner designated on his plat as Zoll's corner, pointed out to him by a twenty-year resident on the island, and a house built over forty years before and now owned by Cecil Carbonell. He testified and his plat so showed that the highway is 453 feet south of the southern boundary line of Government Lot 4 at the eastern end, and a greater distance than that at the western end.

The defendants also introduced the testimony of a Government engineer stationed in Key West, whose testimony showed that the plat introduced by plaintiff was erroneous.

The defendants introduced other evidence, both verbal and documentary, to show that the State Highway across No Name Key cut through Government Lot 5; and that the southern boundary of Government Lot 4 was approximately 300 feet north of the highway. Defendant's evidence demonstrated further the unreliable nature of plaintiff's plat to prove the matter in issue.

Therefore, the motion for new trial should have been granted and judgment below must be reversed and the cause remanded.

Reversed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.